UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KENDRA COLLINS, MINOR CHILD, and JADA L. SCHULER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:17 CV 2 |
| HARRY C. BRUNSTETTER and URS MIDWEST, INC., | ) ) ) | |
| Defendants. | ) ) | |

**OPINION and ORDER**

**I.  BACKGROUND**

The parties do not dispute the basic facts of this case. On September 12, 2015, plaintiff Kendra Collins was driving southbound on Interstate 65 near mile marker 155 in Perry Township, Clinton County, Indiana, with Jada L. Schuler and a minor child as passengers. The vehicle experienced a flat tire. Ultimately, Collins proceeded to drive on the flat tire in the right traffic lane, going 20 mph or less. The speed limit applicable to this portion of the Interstate was 70 mph.

At around 2:12 p.m., Harry C. Brunstetter, operating a semi-truck belonging to URS Midwest, Inc. ("URS"), rear-ended Collins' vehicle at a speed of at least 64-65 mph, causing injuries. The weather was clear and dry. The road was flat. Approximately 1.5 hours after the accident, Collins' blood alcohol concentration was measured at 0.174; at that time, Collins' blood also tested positive for the presence of cocaine.

Collins and her passengers sued Brunstetter and URS, alleging negligence and negligent entrustment. (DE # 1.) Defendants have moved for summary judgment. (DE # 41.) Plaintiffs filed a motion to strike (DE # 47), which the court need not resolve in order to rule on the motion for summary judgment; accordingly, the motion to strike will be denied as moot. The motion for summary judgment is addressed below.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows for the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

## III.    DISCUSSION

### A.     Negligence

Defendants first argue that they are entitled to summary judgment on plaintiffs' negligence claim. The parties agree that the claim is governed by the State of Indiana's law of negligence. They also agree that "[i]n Indiana, if one's own negligence in the

2

proximate causation of one's injuries or damages is greater than 50 percent, (s)he may not recover." *Davis v. LeCuyer*, 849 N.E.2d 750, 755 (Ind. Ct. App. 2006). Defendants ask the court to determine, as a matter of law, that Collins was more than 50 percent responsible for the accident, barring her claim.

Allocation of fault is normally an issue for the jury. *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 997 (7th Cir. 1996) (examining Indiana law). Of course, summary judgment may be appropriate if "there is no dispute in the evidence and the factfinder is able to come to only one logical conclusion." *Id.* However, this is not a case where it is appropriate to find fault as a matter of law. While a reasonable juror might find that Collins was more than 50 percent responsible for the accident, another reasonable juror could find that Brunstetter was more than 50 percent responsible. In other words, this court does not conclude that a factfinder could come to only one logical conclusion in this case. Accordingly, summary judgment is not appropriate on this claim.

### B. Negligent Entrustment

Defendants argue, and plaintiffs concede, that plaintiffs lack a basis for a negligent entrustment action. Accordingly, summary judgment is granted on this claim.

Defendants further seek dismissal of URS from this case, as plaintiffs' complaint only mentions URS in the section alleging negligent entrustment. Plaintiffs object, claiming that their (still pending) suit against Brunstetter is effectively a suit against URS under the doctrine of respondeat superior, even if not explicitly stated as such in the complaint.

3

The court sides with plaintiffs. Rule 8 does not require parties to plead legal theories. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005). Therefore, the fact that plaintiffs' complaint does not specifically mention the doctrine of respondeat superior is not dispositive of URS's liability. *Estate of Crandall v. Godinez*, No. 14-CV-1401, 2015 WL 1539017, at *5 (C.D. Ill. Mar. 31, 2015) (respondeat superior need not be specifically pled).

### IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 41) is **GRANTED, in part, and DENIED, in part**. Plaintiffs' related motion to strike (DE # 47) is **DENIED as moot**.

           **SO ORDERED.**

Date: March 30, 2020

          s/James T. Moody
          JUDGE JAMES T. MOODY
          UNITED STATES DISTRICT COURT